2008 UT 56

Paul C. ALLEN, Petitioner
and Appellant,

v.

Clint FRIEL, Warden, State of Utah,
Respondent and Appellee.

No. 20070254.

Supreme Court of Utah.

Aug. 19, 2008.

Rehearing Denied Oct. 15, 2008.

904

Paul C. Allen, Draper, pro se petitioner.

Mark L. Shurtleff, Att'y Gen., Kenneth A. Bronston, Brett J. Delporto, Asst. Att'ys Gen., Salt Lake City, for respondent.

NEHRING, Justice:

## INTRODUCTION

¶ 1 In 2000, Paul Allen was convicted of hiring an accomplice to kill his wife. Following an unsuccessful appeal, Mr. Allen petitioned for post-conviction relief. After his petition was denied by the district court, both on the merits and procedurally, Mr. Allen again appealed to this court. We affirm the ruling of the district court dismissing Mr. Allen's petition for post-conviction relief.

## BACKGROUND

¶ 2 Following a trial for paying to have his wife killed, Mr. Allen was convicted of aggravated murder and was sentenced to life with the possibility of parole. Mr. Allen appealed, alleging six errors of the trial court. This court examined three of Mr. Allen's claims on the merits and affirmed Mr. Allen's conviction. *State v. Allen,* 2005 UT 11, ¶¶ 55–57, 108 P.3d 730. We refused to consider, due to inadequate briefing, his three other claims. *Id.* ¶ 11 n. 2. Mr. Allen, pro se, filed a petition for post-conviction relief under the Post–Conviction Relief Act. Utah Code Ann. § 78–35a–101 to –304 (2002). Mr. Allen's petition alleged five broad claims for relief; the district court, however, discovered eleven separate claims in the petition. The claims the district court found were (1) that there was judicial bias; (2) that the prosecution used false testimony during trial; (3) that the jurors were not fair and impartial; (4) that the trial court erred in refusing to give his proffered jury instructions; (5) that the jury instructions and special verdict form were erroneous; (6) that the trial court erred by trying him for multiple offenses; (7) that the Utah Supreme Court's decision on his direct appeal was result-driven and erroneous; (8) that the trial court's errors resulted in a trial that was fundamentally unfair; (9) that the trial court erred in denying his motion for a new trial; (10) that there was ineffective assistance of trial counsel; and (11) that there was ineffective assistance of appellate counsel. Mr. Allen's petition also challenged the trial court's denial of the jurors' request for transcripts of the prosecution witnesses' testimony.

## I. THE DISTRICT COURT'S RULING

¶ 3 The district court summarily dismissed claim seven as frivolous on its face. It summarily dismissed claim nine because it had previously been adjudicated. The State filed responses to the remaining claims and later moved for their summary dismissal. The district court granted the State's motion and dismissed all of Mr. Allen's remaining claims. The district court ruled that most of Mr. Allen's claims were raised or addressed at trial or on appeal, or could have been raised but were not raised at trial or appeal, and were therefore procedurally barred. Utah Code Ann. § 78B–9–106(b), (c) (2008). The district court next found that the trial court properly denied the jurors' request for transcripts of prosecution witnesses' testimony. Also, while the district court recognized that the claim of ineffective assistance of appellate counsel could not have been raised before, it found this claim "too vague and speculative" to merit consideration. Last, the district court struck from the record an affidavit by a juror regarding the jury deliberations during Mr. Allen's criminal trial.

## II. MR. ALLEN'S APPEAL

¶ 4 Mr. Allen now appeals the district court's dismissal of his claims. We affirm the district court's decision for several reasons, prominent among them being Mr. Allen's failure to follow appellate rules. Mr. Allen ignored one of the most fundamental principles of the appellate process when he did not identify any flaws in the district court's order that required reversal. Mr. Allen's filings with this court suggest that he would have us take on the responsibility of applying an independent, critical eye to all of the activities that comprised the proceedings that led to his conviction and imprisonment as though we had not already reviewed his conviction on appeal. Additionally, Mr. Allen chose not to cogently or coherently present arguments in support of his claims, nor did he provide the portions of the record that were central to his appeal. Further, even if we did not affirm the district court's ruling on the grounds that Mr. Allen failed to follow

appellate rules, under the Post–Conviction Remedies Act, Mr. Allen failed to meet his burden of showing that there was not a reasonable basis in the record to support the district court's holdings.

## STANDARD OF REVIEW

¶ 5 We review the district court's legal conclusions for correctness without deference to the lower court. *Myers v. State,* 2004 UT 31, ¶ 9, 94 P.3d 211. We will disturb the district court's factual findings only if they lack a rational basis. *Id.; see also Rudolph v. Galetka,* 2002 UT 7, ¶ 4, 43 P.3d 467; *Medina v. Cook,* 779 P.2d 658, 658 (Utah 1989).

## DISCUSSION

I. THE DISTRICT COURT'S DISMISSAL OF MR. ALLEN'S PETITION FOR RELIEF SHOULD BE AFFIRMED BECAUSE HE FAILED TO FOLLOW THE APPELLATE RULES AND DID NOT ADEQUATELY BRIEF THE APPEALABLE ISSUES

¶ 6 The jurisdiction of this court is not unbounded. Its scope is circumscribed by our constitution and by statute. Article VIII, section 3 of the Utah Constitution limits this court's original jurisdiction to issuing extraordinary writs and answering questions of state law certified by a federal court. Utah Const. art. VIII, § 3. Our jurisdiction over all other matters is appellate and must be "exercised as provided by statute." *Id.* Specifically, the Utah Code provides that we have appellate jurisdiction over "appeals from the district court involving a conviction or charge of a first degree felony." Utah Code Ann. § 78A–3–102(3)(i) (2008). Mr. Allen's case involves a first degree felony, and he is appealing from the district court; therefore, our jurisdiction over his case is limited to appellate jurisdiction and is governed by the Utah Rules of Appellate Procedure.

*A. Mr. Allen Has Come to This Court in Virtually Total Disregard of Our Appellate Rules*

¶ 7 Mr. Allen's disregard for our appellate rules is comprehensive in its scope.

Our appellate rules require that an appellant provide an appellate court a brief containing "[a] statement of the issues presented for review" and an argument containing "the contentions and reasons ... with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24. This organizational framework derives from the fundamental distinction between the role of appellate courts and the role of courts of original jurisdiction. In an instance where the court has appellate jurisdiction, an appellant must allege the lower court committed an error that the appellate court should correct. If an appellant does not challenge a final order of the lower court on appeal, that decision will be placed beyond the reach of further review. *Tracy v. Univ. of Utah Hosp.,* 619 P.2d 340, 341 (Utah 1980). If an appellant fails to allege specific errors of the lower court, the appellate court will not seek out errors in the lower court's decision. "In general, if a defendant has not raised an issue on appeal, [an appellate court] may not consider the issue sua sponte." *State v. Rodriguez,* 841 P.2d 1228, 1229 (Utah Ct.App.1992).

¶ 8 Further, an appellant's reply brief "shall be limited to answering any new matter set forth in the opposing brief." Utah R.App. P. 24(c). This requirement is rooted in considerations of fairness. If new issues could be raised in a reply brief, the appellee would have no opportunity to respond to those arguments. It is well settled that "issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." *Brown v. Glover,* 2000 UT 89, ¶ 23, 16 P.3d 540; *see, e.g., State v. Phathammavong,* 860 P.2d 1001, 1003–04 (Utah Ct.App.1993); *see also* 5 Am. Jur.2d *Appellate Review* § 560 (1995); 4 C.J.S. *Appeal and Error* § 619 (1993).

¶ 9 In addition to requiring issues to be raised in the opening brief, this court has repeatedly noted that a brief is inadequate if "it merely contains bald citations to

authority [without] development of that authority and reasoned analysis based on that authority." *Smith v. Four Corners Mental Health Ctr., Inc.,* 2003 UT 23, ¶ 46, 70 P.3d 904 (alteration in original) (internal quotation marks omitted). An appellate court is not "a depository in which [a party] may dump the burden of argument and research." *Id.* (alteration in original) (internal quotation marks omitted). A petitioner must plead his claims with sufficient specificity for this court to make a ruling on the merits. Further, although we are reluctant to penalize self-represented litigants for technical rule violations, we will not assume an appellant's "burden of argument and research." *Treff v. Hinckley,* 2001 UT 50, ¶ 11, 26 P.3d 212 (internal quotation marks omitted).

¶ 10 Finally, not only must a petitioner point out the perceived errors of the lower court, he must also provide the appellate court with the parts of the record that are central to the determination of his appeal. The Utah Rules of Appellate Procedure require that a brief shall contain "those parts of the record on appeal that are of central importance to the determination of the appeal, such as the challenged instructions, findings of fact and conclusions of law, memorandum decision, the transcript of the court's oral decision, or the contract or document subject to construction." Utah R.App. P. 24(a)(11)(C).

¶ 11 Mr. Allen is a self-represented party. He is therefore entitled to "every consideration that may reasonably be indulged." *Nelson v. Jacobsen,* 669 P.2d 1207, 1213 (Utah 1983) (internal quotation marks omitted). However, "[a]s a general rule, a party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar . . . ." *Id.* (citations omitted). Further, "reasonable" indulgence is not unlimited indulgence. Rather it is meant to assign to judges the responsibility of informing a self-represented litigant of matters such as the date of trial, his right to a trial by jury, and his right to require any previously retained counsel to provide him the case file and other documents whose preparation had been covered by prior representation. *Id.* Reasonable considerations do not include the need to interrupt proceedings to translate legal terms, explain legal rules, or otherwise attempt to redress the ongoing consequences of the party's decision to function in a capacity for which he is not trained. *Id.*

¶ 12 Before the district court, Mr. Allen was required to show, by a preponderance of the evidence, that he was entitled to relief under the Post–Conviction Remedies Act. Utah Code Ann. § 78–35a–106 (2002). The PCRA directs the following:

A person is not eligible for relief . . . upon any ground that:

(a) may still be raised on direct appeal or by a post-trial motion;

(b) was raised or addressed at trial or on appeal;

(c) could have been but was not raised at trial or on appeal;

(d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief. . . .

*Id.* § 78–35a–106(1). Once the respondent raises one of these grounds for preclusion, the burden is on the petitioner to prove by a preponderance of the evidence that the claim should not be precluded. *Id.* § 78–35a–105. When the ground for preclusion is that the petitioner already addressed or should have addressed the issue, the petitioner's claim will not be allowed in a post-conviction relief proceeding absent unusual circumstances. *Rudolph v. Galetka,* 2002 UT 7, ¶ 5, 43 P.3d 467. "Unusual circumstances" are found where there is " 'an obvious injustice or a substantial and prejudicial denial of a constitutional right.' " *Carter v. Galetka,* 2001 UT 96, ¶ 15, 44 P.3d 626 (quoting *Hurst v. Cook,* 777 P.2d 1029, 1035 (Utah 1989)). Also, this court has found unusual circumstances "where the requirements of law have been so disregarded that the party is substantially and effectively denied due process of law, or where some such fact is shown that it would be unconscionable not to re-examine the conviction." *Brown v. Turner,* 21 Utah 2d 96, 440 P.2d 968, 969 (1968). Unusual circumstances have also been found when a defen-

dant has been represented by the same attorney at both trial and appeal. *Fernandez v. Cook,* 870 P.2d 870, 872 (Utah 1993).

¶ 13 In sum, in order for his petition to be granted by the district court, Mr. Allen bore the burden of showing by a preponderance of the evidence that, for his claims that were not but could have been raised at trial or on appeal, either there were unusual circumstances or there was ineffectiveness of counsel. For claims that were not procedurally barred, he bore the burden of showing by a preponderance of the evidence that he was entitled to relief under the PCRA. The district court found that he did not meet either of those burdens.

¶ 14 Since an appeal is a resort to a superior court to review the decision of a lower court, Utah appellate rules require the appellant to address reasons why the district court's dismissal of his petition should be overturned. Despite this requirement, Mr. Allen's brief to this court failed to address any of the rulings of the district court. Instead, his brief was almost identical to his petition to the district court and addressed perceived errors of the trial court and of this court. Rather than appeal the ruling below, Mr. Allen appeared to ask for a de novo review of his petition for post-conviction relief.

¶ 15 Mr. Allen failed to address any of the district court's holdings, specifically, that his claims were procedurally barred and that the jury should not have been given transcripts of witnesses' statements. He also failed to address the issue of ineffective assistance of appellate counsel in his opening brief and addressed it inadequately in his reply brief. Finally, he failed to address the issue of whether the district court properly struck the juror's affidavit.

¶ 16 Although his opening brief fails to point out errors in the district court's decision, Mr. Allen does mention ineffectiveness of appellate counsel and the district court's holding that his claims were procedurally barred in his reply brief. First, it is insufficient to raise issues in a reply brief. Second, even a generous review of his presentation of these claims does not result in a finding that his briefing was adequate. It appears that

he addressed the ineffectiveness of appellate counsel argument because the State pointed out that this would be one of the grounds upon which appeal to this court could stand. Although Mr. Allen's reply brief mentions inadequacy of appellate counsel as grounds for appeal, he fails to brief or otherwise explain the issue. Furthermore, Mr. Allen failed to include portions of the trial court record necessary to review the issues he attempted to raise. We cannot rule on an issue which has been merely mentioned and not briefed in any way. Inadequate briefing of an issue is grounds sufficient to uphold dismissal of this portion of his petition, *Smith,* 2003 UT 23, ¶ 46, 70 P.3d 904, which we do.

¶ 17 While we allow Mr. Allen some leeway because he is a pro se appellant, we cannot write his appeal for him or decide his case without sufficient briefing. This is not Mr. Allen's first interaction with the appellate courts, although it is his first without representation. In addition to filing a petition for post-conviction relief and an appeal of the denial of that petition in a timely manner, Mr. Allen previously brought a direct appeal through counsel. Following his conviction and appeal, Mr. Allen consulted with his trial attorneys about appealing his conviction. He also had advisory counsel available to assist him with his petition for post-conviction relief. Therefore, while we grant consideration for his lack of legal training, Mr. Allen's prior experiences with the court system and his access to advisory counsel suggest that he had no reason to be entirely ignorant of the court's rules. Mr. Allen demonstrated that he is capable of understanding the rules by filing a timely appeal of the district court's dismissal of his petition, as well as by filing a timely reply to the State's opposition brief to his appeal in this case. We think it sufficiently evident that Mr. Allen cannot expect us to reach a judgment regarding whether the district court's decision was supported by the record without the briefing necessary to reach such a decision.

¶ 18 Because Mr. Allen's brief does not address holdings in the district court's order and asks the court to examine his claim de novo, and because Mr. Allen did not ade-

quately brief his claims of error, we dismiss his appeal for failure to follow the appellate rules.

## II. THE DISTRICT COURT'S DISMISSAL OF MR. ALLEN'S PETITION FOR RELIEF WAS PROPER BECAUSE THE DISTRICT COURT'S HOLDINGS WERE REASONABLY SUPPORTED BY THE RECORD

¶ 19 The district court's dismissal of Mr. Allen's ineffective assistance of appellate counsel claim was appropriate because there was adequate support in the record for the district court's holding that the claim was too vague and speculative. Similarly, the district court did not err when it dismissed a majority of Mr. Allen's claims because they were procedurally barred. There was also reasonable basis in the record to support the district court's holding on that issue. Although Mr. Allen's opening brief does not address the district court's holdings that it was proper to deny the juror's request for transcripts of witnesses' testimony and that a juror's affidavit regarding jury deliberations should be stricken, these holdings were also supported by the record.

### A. The Record Supported the District Court's Holding That Mr. Allen's Ineffective Assistance of Appellate Counsel Claim Was Vague and Speculative

¶ 20 The district court's determination that Mr. Allen's claim of ineffective assistance of appellate counsel was vague and speculative was a finding of fact, which we review "in the light most favorable to the findings and judgment" of the district court and which "we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the [petition] should be granted." *Myers v. State*, 2004 UT 31, ¶ 9, 94 P.3d 211 (internal quotation marks omitted).

¶ 21 In considering ineffective assistance of counsel claims, this court applies the analysis from *Strickland v. Washington*. 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To "prevail on a claim for ineffective assistance of counsel, the [appellant] has the burden of proving (1) 'that counsel's

performance was deficient' and (2) that 'the deficient performance prejudiced the defense.'" *State v. Santana–Ruiz*, 2007 UT 59, ¶ 19, 167 P.3d 1038 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). The conviction will stand unless both elements are present. *Id.* Counsel's performance is deficient only if it "[falls] below an objective standard of reasonableness under prevailing professional norms." *Lafferty v. State*, 2007 UT 73, ¶ 12, 175 P.3d 530 (internal quotation marks omitted). "[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality." *Fernandez v. Cook*, 870 P.2d 870, 877 (Utah 1993).

¶ 22 Mr. Allen had to prove both of the elements of the *Strickland* test in the district court in order to prevail on his ineffective assistance of appellate counsel claim. The district court found that his claim was vague and speculative. In order for this court to find that the district court's holding was in error, Mr. Allen had to demonstrate that it was not reasonably supported by the record. To do so, he needed to show that his petition to the district court contained proof of both elements of the test for ineffective assistance of appellate counsel.

¶ 23 Mr. Allen failed to demonstrate that his petition for post-conviction relief offered evidence that his appellate counsel was deficient and that the deficiency prejudiced his case. In Mr. Allen's petition to the district court, he raised the issue of ineffective assistance of appellate counsel in the last two pages, arguing that a claim of ineffective assistance of appellate counsel is a first-time claim that cannot be procedurally barred and that ineffectiveness of appellate counsel constitutes adequate cause for failure to raise substantive issues on appeal. Mr. Allen argued that "the defense was constructively ineffective due to the court's partiality towards the State and rulings which are representative of a pro-state bias." He also alleged that his counsel was ineffective because "he stipulated to a number of issues" without Mr. Allen being present. Finally, Mr. Allen claimed that his trial counsel failed to object to judicial errors because counsel was afraid of offending the judge.

¶ 24 Mr. Allen did not offer any analysis of whether these actions were objectively deficient or describe how they prejudiced his defense if they were. Furthermore, Mr. Allen's first statement regarding constructive ineffectiveness is most accurately described as an attack on the judge rather than on Mr. Allen's attorney and therefore cannot constitute deficient performance of counsel. Mr. Allen's second allegation of ineffectiveness, that counsel's stipulations without his presence constituted deficient performance because Mr. Allen had a right to be present for discussion of substantive matters in the case, is unsupported by any evidence that counsel's action was objectively deficient. As he explained in his reply brief, Mr. Allen's primary objection appears to be that his attorney stipulated to denying jurors transcripts of witnesses' testimony when Mr. Allen was not present. He does not discuss, however, how this was objectively deficient. In fact, in reviewing Mr. Allen's petition, the district court found that denying the jurors transcripts of witnesses' testimony was consistent with Utah Rule of Criminal Procedure 17. Additionally, rule 17 only requires that the judge review jurors' questions with counsel and any unrepresented parties. Since Mr. Allen was represented by counsel, his presence was not required by rule 17. Although Mr. Allen suggests that his counsel's stipulation without his presence was deficient, he makes no attempt to describe how the stipulation prejudiced him or that there would have been a different outcome had he been present.

¶ 25 Finally, the instances of ineffective assistance of counsel pointed out in Mr. Allen's opening brief are errors of trial counsel, which could only be reached if they were presented as issues that appellate counsel should have raised but did not because of ineffectiveness. Mr. Allen failed to explicitly make the argument that appellate counsel should have complained of the alleged ineffectiveness on appeal.

¶ 26 Not only does the opening brief, where the claim of ineffectiveness of appellate counsel should have been raised, fail to directly address the ineffective assistance of appellate counsel claim, the reply brief fails to address either prong of the *Strickland* test once the issue is raised. In Mr. Allen's direct appeal, six issues were raised, three of which were dismissed on the merits and three of which were dismissed for inadequate briefing. In his reply brief, Mr. Allen seems to argue that because the court did not reach the merits of the inadequately briefed issues, his appellate counsel was per se deficient. The claims we did not reach were (1) that the trial court erred in refusing to grant a mistrial after a witness testified that Mr. Allen had retained an attorney prior to his arrest, (2) that the trial court's reasonable doubt jury instruction was erroneous, and (3) that there was cumulative error. He does not provide any analysis explaining why his counsel's decision to limit briefing of three issues was deficient rather than being a legitimate strategy or tactic. He also does not present any evidence indicating that had we examined the three inadequately briefed issues, we would have likely decided them in his favor.

¶ 27 It is not likely that a court, relying on the limited discussion of ineffective assistance of counsel in Mr. Allen's petition, could have found that his appellate counsel was deficient or that any deficiency prejudiced Mr. Allen. We therefore affirm the district court's dismissal of Mr. Allen's ineffective assistance of appellate counsel claim as vague and speculative.

B. *The Record Supports the District Court's Holding That a Majority of Mr. Allen's Claims Were Procedurally Barred*

¶ 28 The district court's first action in regard to Mr. Allen's claims was to dismiss two of them: his claim that this court's decision in his initial appeal was result-driven and erroneous and his claim that the trial court erred in denying his motion for a new trial. The district court properly pointed out that Mr. Allen's objection to the result reached by this court was not a claim for which relief could be granted because the district court did not have the power to review decisions of the supreme court. Also, the district court was correct in dismissing Mr. Allen's claim that his motion for a new trial should have been granted. As the dis-

trict court pointed out, that claim was directly addressed in *State v. Allen*, 2005 UT 11, ¶ 49, 108 P.3d 730, and this court affirmed the dismissal of Mr. Allen's motion.

¶ 29 The district court next dismissed Mr. Allen's claims that the prosecution used false testimony during trial, that the jurors were not fair and impartial, that the trial court erred in refusing to give Mr. Allen's jury instructions, that the jury instructions and special verdict form were erroneous, that he should not have been tried for multiple offenses, that the trial court's errors resulted in a fundamentally unfair trial, and that his trial counsel was ineffective. The district court pointed out that Mr. Allen "is not entitled to relief on any ground that was raised or addressed at trial or on appeal, or that could have been but was not raised at trial or on appeal." *See* Utah Code Ann. § 78-35a-106(1)(b), (c) (2002).

¶ 30 Mr. Allen previously objected to the trial court's refusal to give his requested jury instructions. *Allen*, 2005 UT 11, ¶ 11 n. 2, 108 P.3d 730. In the same proceeding, he also raised the claim that the trial court's errors resulted in a fundamentally unfair trial. *Id.* ¶ 11. Mr. Allen's allegations that the prosecution used false testimony during trial, that jurors were biased, that the jury instructions and special verdict form were erroneous, and that he should not have been tried for multiple offenses were not raised in any prior proceeding, but they could all have been raised in his initial appeal. Additionally, Mr. Allen had different trial and appellate counsel; therefore, his appellate counsel could have also raised a claim of ineffectiveness of trial counsel. The record in this case shows that the district court was correct in finding that the bulk of Mr. Allen's claims were, or could have been, previously raised and were procedurally barred.

## C. The District Court's Holding Denying the Jurors' Request for Transcripts of Witnesses' Testimony Was Proper

¶ 31 Mr. Allen's petition for post-conviction relief contained a vague reference to the trial court's denial of the jurors' request for transcripts of the testimony of prosecution witnesses. Although this claim could also have been raised in Mr. Allen's initial appeal and should have been deemed to be procedurally barred, the district court chose to address its merits. The district court found that the denial of the jurors' request comported with Utah Rule of Criminal Procedure 17. A review of rule 17 indicates that the district court's holding was correct. Rule 17(i) states the following in relation to questions by jurors:

(1) If the judge permits jurors to submit questions, the judge shall control the process to ensure the jury maintains its role as the impartial finder of fact and does not become an investigative body. The judge may disallow any question from a juror and may discontinue questions from jurors at any time.

(2) If the judge permits jurors to submit questions, the judge should advise the jurors that they may write the question as it occurs to them and submit the question to the bailiff for transmittal to the judge. The judge should advise the jurors that some questions might not be allowed.

(3) The judge shall review the question with counsel and unrepresented parties and rule upon any objection to the question. The judge may disallow a question even though no objection is made. . . .

Utah R.Civ. P. 17(i).

¶ 32 Additionally, section (*l*) of rule 17 limits the material the jury may have with them during deliberation to "the instructions of the court and all exhibits which have been received as evidence." Rule 17 not only expressly limits the material jurors can have during deliberation, it gives the trial judge wide latitude in deciding which requests of the jury to grant. The district court's finding that denying the jurors' request was proper was indeed consistent with rule 17.

## D. The District Court's Holding That the Affidavit of Mr. David Should Be Stricken Was Not in Error

¶ 33 Mr. Allen's petition for post-conviction relief contained the affidavit of Trenton David, who was one of the jurors for his trial. The State moved to strike the affidavit, and Mr. Allen replied. The district

court ultimately granted the State's motion in its final order. The district court based its holding on Utah Rule of Evidence 606(b), which prohibits jurors from testifying about statements made during jury deliberation. Rule 606(b) states that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing ... the juror's mental processes in connection therewith."

¶ 34 The affidavit of Mr. David concerned the impact the requested transcripts of witnesses' testimony would have had on his decision to find Mr. Allen guilty. He stated that "if Judge Dawson would have allowed George Taylor's testimony, it was very likely that I would have found Paul Allen innocent of all charges." Mr. David also stated that he witnessed jurors disobeying the court's instructions not to view any media coverage of the case or discuss the case during the trial. Finally, Mr. David expressed his opinion that some of the other jurors were biased prior to trial because of exposure to media coverage of the trial.

¶ 35 Mr. David's affidavit clearly contains testimony about the effect a particular piece of evidence would have had on his mind during deliberation. Because his affidavit concerns the mental process of the jury, it was properly stricken under rule 606(b).

## CONCLUSION

¶ 36 Because Mr. Allen did not properly challenge the district court's decision, failed to adequately brief issues, and did not provide the necessary record, we hold that Mr. Allen's petition for post-conviction relief should be denied. In addition, the district court's holdings were adequately supported by the record and were legally correct. The district court's dismissal is upheld.

¶ 37 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.