2011 UT App 13

**Lloyd J. IVIE, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Workforce Appeals Board, Respondent.**

**No. 20100816–CA.**

Court of Appeals of Utah.

Jan. 13, 2011.

Lloyd J. Ivie, Payson, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

MEMORANDUM DECISION

PER CURIAM:

¶ 1 Lloyd J. Ivie petitions for review of the Workforce Appeals Board's (the Board) order affirming the denial of unemployment

benefits. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

 ¶ 2 The Board determined that Ivie voluntarily quit without good cause and that he acted unreasonably, precluding an exception under equity and good conscience. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997). Further, this court reviews the Board's determinations regarding voluntariness for abuse of discretion. *See Arrow Legal Solutions Grp., PC v. Workforce Servs.,* 2007 UT App 9, ¶ 6, 156 P.3d 830. Under this standard, this court "will uphold the Board's decision so long as it is within the realm of reasonableness and rationality." *Id.*

¶ 3 A claimant is ineligible for unemployment benefits if he "left work voluntarily without good cause." Utah Code Ann. § 35A–4–405(1)(a) (Supp.2010). However, even if a claimant left work without good cause, he may be eligible for benefits if denying them would be "contrary to equity and good conscience." *Id.* § 35A–4–405(1)(b). To determine whether a claimant may qualify for the equity and good conscience exception, the Board must consider the reasonableness of his actions. *See id.* § 35A–4–405(1)(c). A claimant acted reasonably if the "decision to quit was logical, sensible, or practical." Utah Admin. Code R994–405–103(1)(a).

¶ 4 The Board determined that Ivie did not act reasonably in quitting his employment. This is supported by substantial evidence in the record. Ivie left his employment before the owner of the business had the opportunity to finish his investigation into the incident. The owner, if permitted to finish his review, could have taken corrective action that would have allowed Ivie to continue employment. By quitting prior to the conclusion of the owner's investigation, Ivie precluded the opportunity to eliminate the need for terminating his employment. As a result, the Board did not err in finding that Ivie acted unreasonably.

¶ 5 Furthermore, Ivie does not directly challenge the Board's determination. Instead, he merely reargues his own version of the facts. In failing to address the Board's rationale, he fails to present a substantial question for review warranting further consideration by this court. *See Allen v. Friel,* 2008 UT 56, ¶ 14, 194 P.3d 903.

¶ 6 Affirmed.