2011 UT App 46

**Leslie A. WELTE, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS BOARD; and Convergys CMG Utah, Inc., Respondents.**

No. 20100967–CA.

Court of Appeals of Utah.

Feb. 17, 2011.

Leslie A. Welte, West Jordan, Petitioner Pro Se.

Suzan Pixton, Salt Lake City, for Respondent Department of Workforce Services, Workforce Appeals Board.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Leslie A. Welte petitions for review of the Workforce Appeals Board's (the Board) order affirming the denial of unemployment benefits. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. We decline to disturb the Board's decision.

¶ 2 Welte asserts that it was error for the Board to find that she voluntarily quit her employment, therefore disqualifying her for benefits. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997). Further, this court reviews the Board's determinations regarding voluntariness for abuse of discretion. *See Arrow Legal Solutions Grp., PC v. Workforce Servs.,* 2007 UT App 9, ¶ 6, 156 P.3d 830. Under this standard, this court "will uphold the Board's decision so long as it is within the realm of reasonableness and rationality." *Id.*

¶ 3 There is substantial evidence in the record to support the finding that Welte voluntarily quit her employment. Welte acknowledged that on her final day of employment she was not told that her employment was terminated. Her manager and her team leader testified that Welte did not return to work even after being asked to. The manager was making efforts to preserve Welte's employment, but because Welte did not return, such efforts were precluded. Welte left a message with another worker that she was not coming back. Although Welte interpreted things differently, the testimony supported the finding that it was Welte who initiated the separation from employment. Additionally, the administrative law judge made a specific credibility determination, finding the manager and team leader more credible than Welte. Based on the testimony at the hearing, there was substantial evidence in the record supporting the findings.

¶ 4 In addition, Welte fails to identify a legal issue for review because she does not address the reasoning of the Board. She merely reargues her position. This is insufficient to assert an issue for review. *See Allen v. Friel,* 2008 UT 56, ¶ 14, 194 P.3d 903 (noting that an appellant must address the

reasons why an order should be reversed rather than merely reargue asserted facts).

¶ 5 We uphold the Board's decision.