2011 UT App 273

**Mary A. MARTINEZ, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20110180–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

---

Mary A. Martinez, Clearfield, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges DAVIS, THORNE, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Mary Martinez seeks judicial review of the Workforce Board of Appeals's (Board) order affirming the denial of unemployment benefits. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 The Board determined that Martinez voluntarily quit her employment without good cause. This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997). Further, this court reviews the Board's determination regarding voluntariness for abuse of discretion. *See Arrow Legal Solutions Grp. v. Workforce Servs.,* 2007 UT App 9, ¶ 6, 156 P.3d 830. Under this standard, this court "will uphold the Board's decision so long as it is within the realm of reasonableness and rationality." *Id.*

¶ 3 A claimant is ineligible for unemployment benefits if he or she "left work voluntarily without good cause." Utah Code Ann. § 35A–4–405(1)(a) (Supp.2010). However, even if a claimant left work without good cause, he or she may be eligible for benefits if denying them would be "contrary to equity and good conscience." *Id.* § 35A–4–405(1)(b). To determine whether a claimant may qualify for the equity and good conscience exception, the Board must consider the reasonableness of the claimant's actions. *See id.* § 35A–4–405(1)(c). A claimant acts reasonably where the "decision to quit was logical, sensible, or practical." Utah Admin. Code R994–405–103(1)(a).

¶ 4 Martinez was employed at her mother's restaurant where Martinez worked as a cook. Martinez voluntarily terminated her employment at mother's restaurant after a disagreement with her mother. The Board determined that Martinez did not act reasonably by voluntarily terminating her employment after the disagreement with her mother. Although Martinez felt that the working conditions with her family members were hostile, the Board determined that a reasonable person would not have resigned his or her position under similar circumstances. The Board's decision is supported by substantial evidence, and Martinez fails to demonstrate that the Board erred in determining that she did not act reasonably when she voluntarily terminated her employment.

¶ 5 Alternatively, Martinez does not present a specific challenge to the Board's decision. Instead, Martinez merely reargues her own version of the facts and requests a general review of the Board's decision. Where an appellant fails to allege specific errors in the Board's decision, the appellate court will not seek out errors in the underlying decision. *See Allen v. Friel,* 2008 UT 56, ¶ 7, 194 P.3d 903. An appellant must allege that the Board committed a specific error that the appellate court should correct. *See id.* If an appellant does not raise a specific challenge to an underlying decision, such decision is placed beyond the reach of further appellate review, and an appellate court "may not consider the issue sua sponte." *Id.* Furthermore, where a party fails to provide

the requisite legal argument, analysis, or discussion of a specific issue on appeal, an appellate court may decline to address such issue. *See State v. Green*, 2005 UT 9, ¶ 11, 108 P.3d 710.

¶ 6 Accordingly, the Board's decision is affirmed.