2011 UT App 362

**Elizabeth BENNS, Petitioner,**

v.

**CAREER SERVICE REVIEW OFFICE, Respondent.**

**No. 20110091–CA.**

Court of Appeals of Utah.

Oct. 27, 2011.

Elizabeth Benns, Salt Lake City, Petitioner Pro Se.

Robert W. Thompson, Salt Lake City, for Respondent.

Before Judges DAVIS, McHUGH, and ROTH.

DECISION

PER CURIAM:

¶ 1 Elizabeth Benns appeals the Career Service Review Board's (Board) January 3, 2011 order. This matter is before the court on a sua sponte motion for summary disposition. We summarily affirm the Board's order.

¶ 2 "If an appellant fails to allege specific errors of the lower court, the appellate court will not seek out errors in the lower court's decision." *Allen v. Friel,* 2008 UT 56, ¶ 7, 194 P.3d 903. An appellant must allege that the lower court committed a specific error that the appellate court should correct. *See id.* If an appellant does not challenge the lower court's basis for its judgment, the lower court's determination is placed beyond the reach of further appellate review, and an appellate court "may not consider the issue sua sponte." *Id.* Furthermore, where a party fails to provide any legal argument, analysis, or discussion of a specific issue on appeal, an appellate court may decline to address

such issue. *See State v. Green*, 2005 UT 9, ¶ 11, 108 P.3d 710.

¶ 3 Benns raised issues that do not pertain to the Board's rationale for its decision. Because Benns does not challenge the basis of the Board's decision, this matter was selected for summary disposition. Benns failed to respond to the motion for summary disposition.

¶ 4 By failing to respond to the motion for summary disposition, and by failing to present a specific issue for appeal that challenges the rationale of the Board's decision, Benns has placed the Board's decision beyond the reach of further appellate review. *See Allen*, 2008 UT 56, ¶ 7, 194 P.3d 903. Even assuming that Benns had presented a specific challenge to the Board's decision, by failing to respond to the sua sponte motion for summary disposition, she fails to provide the requisite legal argument, analysis, or presentation of a substantial issue, which if well taken, would entitle her to appellate relief. *See Green*, 2005 UT 9, ¶ 11, 108 P.3d 710. Thus, we are compelled to affirm the Board's decision.

¶ 5 Affirmed.