IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110428-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 18, 2012) |
| Jamis M. Johnson, | ) | |
| | ) | 2012 UT App 290 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Fillmore Department, 051700056
The Honorable James M. Brady

Attorneys:    Tate W. Bennett, Fillmore, for Appellant
              Mark L. Shurtleff, Erin Riley, and Mark W. Baer, Salt Lake City, for
              Appellee

-----

Before Judges Orme, McHugh, and Roth.

McHUGH, Judge:

¶1     Jamis M. Johnson appeals from the trial court's order finding him in violation of the terms of his probation, revoking probation, and imposing the original sentence of one to fifteen years in the Utah State prison. We affirm.

¶2     In 2007, Johnson was convicted by a jury of one felony count of securities fraud. *See State v. Johnson* (*Johnson I*), 2009 UT App 382, ¶ 13, 224 P.3d 720. The trial court sentenced him to one to fifteen years in prison, but it suspended the sentence and

placed Johnson on probation for thirty-six months (the first probation period).[1] *See id.* The conditions of probation included that Johnson "[r]eport as directed by the Department of Corrections" and "[o]bey all state, federal and municipal laws." As an additional special condition, Johnson was required "to report to the court whenever ordered to do so."

¶3     Subsequently, on October 10, 2007, the trial court found Johnson in violation of the terms of his probation. As a result, it revoked his first probation period and reinstated probation for a new period of thirty-six months to begin on that date (the second probation period). Johnson did not appeal that order.

¶4     Thereafter, the trial court received new allegations that Johnson was not complying with the conditions of his probation. After an evidentiary hearing on August 30, 2010, the trial court found that Johnson was not maintaining verifiable employment as required by the terms of his probation. *See State v. Johnson* (*Johnson II*), 2012 UT App 118, ¶ 7, 276 P.3d 1254 (mem.). Therefore, the trial court revoked the second probation period and reinstated probation for a new thirty-six-month period (the third probation period), but also ordered Johnson to serve sixty days in jail. *See id.*

¶5     After Johnson began serving his sixty-day jail sentence, he appealed the sentence announced at the August 30, 2010 hearing.[2] *See id.* ¶ 1. Johnson also filed a Motion to Stay Sentence Pending Appeal and an Application for Certificate of Probable Cause with the trial court.[3] In an Order dated November 4, 2010, the trial court ruled, "The sentence entered August 30, 2010 revoking the probation of Defendant Johnson and reinstating it for a further 36 months [the third probation period] is hereby stayed pending the appeal of this sentence" and released Johnson from jail. In addition, the trial court executed a Certificate of Probable Cause and an Order of Release, subject to

---

[1]Johnson's conviction was affirmed by this court, but we remanded to the trial court for further proceedings to determine the amount of restitution. *See Johnson I*, 2009 UT App 382, ¶ 49, 224 P.3d 720.

[2]The trial court entered an order on September 9, 2010, that memorialized the sentence announced at the August 30, 2010 hearing.

[3]The documents related to Johnson's motion are not included in the portion of the record that Johnson designated on appeal. However, they appear in the docket and the State has attached them to its brief. Johnson does not contest that the State's addenda accurately reflects the record.

certain conditions, including that Johnson "not commit a federal, state or local crime," and that he "continue[] to report on a regular basis to the Court by the 15th day of each month."

¶6     From November 12, 2010, through March 29, 2011, while the appeal of Johnson's August 30, 2010 sentence was pending,[4] Adult Probation and Parole (AP&P) filed additional probation violation reports and orders to show cause, alleging that Johnson continued to violate the terms of his probation. The March 29, 2011 report claimed that Johnson had failed to report to AP&P and had committed violations of federal law. After an evidentiary hearing on April 27, 2011, the trial court entered findings of fact and conclusions of law, determining that both allegations had been proved (the April 27, 2011 Findings). Accordingly, on May 17, 2011, the trial court revoked Johnson's probation and imposed the original sentence of one to fifteen years in the Utah State prison (the May 17, 2011 Order). Johnson filed this appeal to challenge the trial court's April 27, 2011 Findings and its May 17, 2011 Order.[5]

¶7     Although Johnson identifies a number of issues, his brief fails to comply with rule 24(a) of the Utah Rules of Appellate Procedure. In particular, Johnson does not cite the record to indicate whether his issues were preserved in the trial court, *see* Utah R. App. P. 24(a)(5)(A); he does not provide citations to the record to support the sparse factual statements contained in the "Case Statement," *see id.* 24(a)(7); he does not include a summary of arguments, *see id.* 24(a)(8); he does not marshal the evidence in support of the trial court's findings, *see id.* 24(a)(9); and with few exceptions, he does not support his arguments with citations to authority or the record, *see id.* Indeed, he failed

---

[4]On April 19, 2012, this court affirmed the trial court's determination that Johnson violated his probation and its decision to revoke and reinstate his probation. *See Johnson II*, 2012 UT App 118, ¶ 11, 276 P.3d 1254 (mem.).

[5]On June 17, 2011, the trial court purported to amend the order revoking probation, among other things, to reinstate Johnson's probation for thirty-six months and order him to serve 120 days in jail. The State then filed a motion in the trial court to vacate the amended order on the ground that Johnson's notice of appeal had divested the trial court of subject matter jurisdiction. On July 27, 2011, the trial court entered a memorandum decision stating that it was "inclined to grant" the State's motion to vacate the amended order but declining to do so due to concerns about its subject matter jurisdiction. Neither the trial court's amended order nor the memorandum decision is before us on appeal.

to designate critical portions of the record as part of the record on appeal. *See id.* 24(a)(11)(C) (stating that it is the appellant's duty to ensure that the record is complete).

¶8     "An appellate court is not a depository in which [Johnson] may dump the burden of argument and research." *See Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 (citation and internal quotation marks omitted). Consequently, with one exception, we decline to consider his arguments on the merits. *See United Park City Mines Co. v. Stichting Mayflower Mountain Fonds*, 2006 UT 35, ¶ 3, 140 P.3d 1200 (rejecting a challenge to findings of the trial court where the appellant did not marshal the evidence); *State v. Merrill*, 2012 UT App 3, ¶ 27, 269 P.3d 196 (declining to address issues on appeal due to the absence of supporting authority or analysis).

¶9     Only Johnson's challenge to the trial court's subject matter jurisdiction to enter the April 27, 2011 Findings and May 17, 2011 Order survives the inadequacy of his briefing and warrants our consideration. *See In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 36, 266 P.3d 702 (stating that courts have an independent obligation to resolve questions of subject matter jurisdiction); *Summer v. Summer*, 2012 UT App 159, ¶ 12, 280 P.3d 451 (same). Johnson argues that the second probation period expired on October 10, 2010, thereby divesting the trial court of subject matter jurisdiction. Although Johnson acknowledges that the trial court revoked the second probation period and reinstated a third probation period of thirty-six months beginning on August 30, 2010, he contends that the trial court's order, which stayed the imposition of that sentence pending appeal, resulted in the trial court losing jurisdiction when the second probation period expired. Because the second probation period was set to expire before AP&P filed its first notice of probation violations and order to show cause on November 10, 2010, Johnson claims that the filings could not have extended the trial court's jurisdiction.

¶10     However, Johnson's argument inaccurately assumes that the second probation period automatically expired on October 10, 2010. "Probation may be terminated at any time at the discretion of the court or upon completion *without violation* of thirty-six months probation in felony . . . cases . . . ." Utah Code Ann. § 77-18-1(10)(a)(i) (LexisNexis Supp. 2012) (emphasis added).[6] Johnson does not contend that the trial court exercised its discretion to terminate his probation; instead, he claims that the second probation period automatically expired upon the completion of thirty-six months. Johnson's argument ignores the express requirement in the statute that the

---

[6]Because recent amendments to this section of the Utah Code do not impact our analysis, we cite the current version for the convenience of the reader. *Compare* Utah Code Ann. § 77-18-1(10) (LexisNexis 2008), *with id.* (Supp. 2012).

thirty-six months must be completed "without violation." *See id*. At the August 30, 2010 hearing and in its written order of November 3, 2010, the trial court found that Johnson had violated the conditions of probation by not maintaining verifiable full-time employment. *See Johnson II*, 2012 UT App 118, ¶ 7, 276 P.3d 1254. Consequently, Johnson had not completed the thirty-six months of the second probation period without violation, and therefore the second probation period did not automatically terminate under the statute. *See* Utah Code Ann. § 77-18-1(10)(a)(i).

¶11     Furthermore, while the trial court stayed the imposition of the August 30, 2010 sentence pending a decision on Johnson's appeal of that sentence, it did not suspend or retract its finding that Johnson had violated probation. Indeed, after Johnson filed his opening brief in this appeal, we issued a decision affirming the trial court's August 30, 2010 sentence. *See Johnson II*, 2012 UT App 118, ¶ 11. Thus, this court rejected Johnson's challenge to the trial court's finding that he had engaged in probation violations during the second probation period. *See id.* Because Johnson violated his probation during the second probation period, it did not automatically expire. *See* Utah Code Ann. § 77-18-1(10)(a)(i). Under these circumstances, even Johnson admits that the trial court had jurisdiction to enter the April 27, 2011 Findings and May 17, 2011 Order challenged here. Accordingly, we reject Johnson's claim that the trial court lacked jurisdiction to enter the orders at issue in this appeal.

¶12     Affirmed.


_____
Carolyn B. McHugh, Judge


-----


¶13     WE CONCUR:


_____
Gregory K. Orme, Judge


_____
Stephen L. Roth, Judge