IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110819-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 6, 2012) |
| Luis Alberto Jimenez, | ) | |
| | ) | 2012 UT App 341 |
| Defendant and Appellant. | ) | |

-----

Second District, Farmington Department, 101700046
The Honorable Thomas L. Kay

Attorneys:     James L. Driessen, Lindon, for Appellant
                Mark L. Shurtleff and Mark C. Field, Salt Lake City, for Appellee

-----

Before Judges Davis, Roth, and Christiansen.

ROTH, Judge:

¶1     Defendant Luis Alberto Jimenez appeals his conviction for aggravated sexual abuse of a child and forcible sexual abuse, challenging the trial court's posttrial determination that Jimenez's trial counsel was not ineffective. We affirm.

¶2     To prevail on an ineffective assistance of counsel claim, "a defendant must first demonstrate that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Second, the defendant must show that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *Id.* (citing *Strickland*, 466 U.S. at 687–88). Here, the trial court

concluded that Jimenez had not received ineffective assistance of counsel because "there ha[d] been no showing for the [second] prong . . . that there would have been a different outcome" but for his trial counsel's alleged ineffective assistance.[1] Jimenez challenges the court's decision, arguing that "[t]he . . . analysis must be taken in order," that is, that the trial court was required to consider the first prong of the ineffective assistance analysis before reaching the second prong. This position, however, is contrary to applicable case law, which makes it clear that if "it is 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without analyzing whether counsel's performance was professionally unreasonable." *Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (quoting *Strickland*, 466 U.S. at 697). Accordingly, we reject Jimenez's argument that the trial court was required to determine whether his trial counsel had rendered deficient performance in the course of his representation before considering whether Jimenez had been prejudiced by any such deficiencies.[2]

---

[1]In deciding the matter on the second prong of the ineffective assistance analysis, the trial court judge explicitly declined to conclude that Jimenez's trial counsel had rendered deficient performance, stating that there was no prejudice, "even if [counsel] was ineffective . . . , which I do not find that he was."

[2]Jimenez also attempts to further bifurcate the ineffective assistance of counsel analysis, asserting that "[t]here are two distinct types of right to assistance challenges," one being "adequate representation" and the other being "ineffective assistance." In making this argument, Jimenez characterizes "adequate representation" as encompassing a dimension of constitutional protection that is not recognized in the standard two prong "ineffective assistance" challenge. However, the first prong of the ineffective assistance analysis focuses directly on the constitutional mandate of competent representation by requiring that a defendant show "'that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment.'" *State v. Templin*, 805 P.2d 182, 186 (Utah 1990) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Strickland*, 466 U.S. at 686 ("[T]he right to counsel [under the Sixth Amendment] is the right to the effective assistance of counsel," and a defendant may be deprived of that right to effective assistance if counsel fails "to render adequate legal assistance." (citation and internal quotation marks omitted)). Thus, Jimenez has simply recast the first prong of the ineffective assistance analysis as an independent, one-factor test for assessing whether his counsel was ineffective. The apparent goal of Jimenez's approach is to eliminate the prejudice prong of the ineffective assistance analysis by making a finding of deficient performance conclusive. In so doing, Jimenez has in a sense

(continued...)

¶3     Even if we were to accept Jimenez's invitation to conclude that his trial counsel rendered deficient performance, however, Jimenez cannot prevail on appeal because he fails to challenge the trial court's decision that his counsel's performance did not cause him prejudice. *See Allen v. Friel*, 2008 UT 56, ¶ 7, 194 P.3d 903 ("[A]n appellant must allege the lower court committed an error that the appellate court should correct. . . . If an appellant fails to allege specific errors of the lower court, the appellate court will not seek out errors in the lower court's decision." (citation omitted)). And, as we have discussed, to prevail on a claim of ineffective assistance, Jimenez must prove *both* deficient performance *and* prejudice. *See Litherland*, 2000 UT 76, ¶ 19 (citing *Strickland*, 466 U.S. at 687). Thus, the trial court's unchallenged conclusion that Jimenez was not prejudiced by counsel's performance, deficient or not, is fatal to Jimenez's ineffective assistance of counsel claim.

¶4     Finally, even if we elected to conduct a more substantive review of Jimenez's ineffective assistance of counsel claim, we would be unable to do so because Jimenez has failed to provide a transcript of the trial. *See id.* ¶¶ 16–17 ("[W]here on direct appeal, [the] defendant raises a claim that trial counsel was ineffective . . . , [the] defendant bears the burden of assuring the record is adequate. . . . Where the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively."). Jimenez's ineffective assistance claim is based on his assertion that his trial counsel was inadequately prepared for trial because at trial he "relied entirely" on materials prepared by a non-attorney. According to Jimenez, his trial counsel "essentially read [these notes] verbatim" and those materials "formed the major strategy for the [d]efense." However, without a transcript of the trial, we cannot determine the extent to which Jimenez's trial counsel actually relied on these materials, if at all; whether doing so was a violation of reasonable standards of effective representation; or whether the

_____

[2](...continued)
attempted to convert deficient performance into a sort of stand-alone structural error. *See Strickland*, 466 U.S. at 692 (explaining that "[i]n certain Sixth Amendment contexts, prejudice is presumed"); *State v. Maestas*, 2012 UT 46, ¶ 57 (explaining that structural errors are those errors where prejudice is presumed). This appears to account, as well, for Jimenez's insistence that the ineffective assistance analysis be taken in order, with the deficient performance prong in first place. Our precedent contradicts such an approach, however, and Jimenez has made no attempt to analyze the matter in the depth required to warrant reconsideration of the applicable law.

result of the trial was negatively affected by any deficiency in counsel's performance.[3] *See id.* ¶ 17 (explaining that the presumption that any irregularities in the record "result in an assumption of regularity on appeal" is "consistent with the fundamental polic[y]" that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (citation and internal quotation marks omitted)).

¶5     For the reasons stated, we affirm the trial court's conclusion that Jimenez failed to demonstrate that he received ineffective assistance of trial counsel.

¶6     Affirmed.


_____
Stephen L. Roth, Judge


                                        -----


¶7     WE CONCUR:


_____
James Z. Davis, Judge



_____
Michele M. Christiansen, Judge


_____

[3]Based on the record available to us on appeal, it is difficult to tell the extent to which Jimenez's trial counsel actually sought out and relied upon these materials. It is possible, for example, that Jimenez's trial counsel simply accepted an offer for some assistance from a person who represented herself as being a paralegal who had "27 years of experience with matters relating to child abuse, child sexual molestation, rape victims both boys and girls." The acceptance of such help does not alone support a conclusion that trial counsel was entirely reliant on this person or the materials she provided, or that the result of counsel receiving and to some extent relying on these materials was necessarily prejudicial.