2014 UT App 50

**Curtis Jason ELLIS, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20120987–CA.

Court of Appeals of Utah.

March 6, 2014.

Curtis Jason Ellis, Appellant Pro Se.

Sean D. Reyes and Andrew F. Peterson, Salt Lake City, Attorneys for Appellee.

Before Judges CAROLYN B. McHUGH, GREGORY K. ORME, and PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 Curtis Jason Ellis appeals from the trial court's dismissal of his petition for post-conviction relief. We affirm.

¶ 2 Ellis asserts that the postconviction court erred in dismissing his claims for relief which were based on his alleged incompetency to enter a guilty plea and the advice of his trial counsel to plead guilty when she knew he was incompetent. These claims are based on the premise that Ellis was incompetent merely because he was taking medication for a psychological disorder, rendering him unable to plead guilty knowingly and voluntarily. This premise is flawed and is not supported by Utah law or the facts in the record.

¶ 3 The use of medication "does not per se render a defendant incompetent to . . . plead guilty." *Oliver v. State,* 2006 UT 60, ¶ 7, 147 P.3d 410 (citation and internal quotation marks omitted). Rather, the actual effect of the drug is what is important. *Id.* "The critical question is whether the drugs—if they have a capacity to impair the defendant's ability to plea—have in fact done so [at the plea hearing]." *Id.* ¶ 11 (citation and internal quotation marks omitted). Typically,

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

when a mood-altering drug is given to a defendant by a physician, it is to improve the defendant's cognitive abilities. In other words, the fact that a defendant has undergone a medical evaluation and is receiving medication to treat a psychological infirmity is often evidence weighing in favor of a finding that the defendant is capable of entering a knowing and voluntary plea. *Id.* ¶ 14.

Ellis was taking medication to treat bipolar disorder. Accordingly, contrary to Ellis's implication that the mere taking of the medication made his plea invalid, the medication's intended effect was to enable him to function without cognitive impairment and, by itself, fails to establish that his plea was not knowingly and voluntarily made.

¶ 4 Ellis does not assert that he was in fact impaired by the medication. Additionally, the record supports the trial court's finding that Ellis knowingly and voluntarily pleaded guilty. Ellis affirmed that he was thinking clearly at the plea hearing and that he had conferred with his attorney and understood the plea. He responded to questions lucidly and appropriately. Trial counsel affirmed her belief that Ellis was competent to enter the plea based on her observations.[2] In addition, the court noted that Ellis appeared competent based on its own observations. Overall, the record supports the conclusion that Ellis was competent to enter the plea and that he did so knowingly and voluntarily.

■■■■ ¶ 5 Ellis also argues that trial counsel was ineffective because she coerced his confessions and failed to properly test the evidence against him before negotiating a plea. In making this argument, Ellis fails to acknowledge the postconviction court's factual findings, made after an evidentiary hearing, regarding the evidence against him, trial counsel's conduct, and the spontaneous nature of his confession to killing his girlfriend (Girlfriend). Overall, there is no factual basis for Ellis's allegations on appeal and he primarily reargues what he argued in his petition in the court below without addressing the postconviction court's rationale or findings. This does not meet his burden on appeal. Because an appellate court reviews the decision of a trial court, an appellant must address the rationale of the trial court's rulings and identify why the ruling should be overturned. *Allen v. Friel,* 2008 UT 56, ¶ 14, 194 P.3d 903. Ellis instead reargues his version of the facts, which was rejected by the postconviction court. Accordingly, his arguments cannot establish error.

■■■ ¶ 6 Ellis next asserts that the postconviction court erred in excluding expert witness testimony as irrelevant to the issues before the court at the evidentiary hearing. The expert testimony regarded the review of a toxicology screen of Girlfriend.[3] The toxicology screen and the autopsy report had been reviewed by a medical expert prior to Ellis entering a plea. That initial expert agreed with the State's expert that the cause of death was strangulation even though Girlfriend had drugs in her system. Contrary to Ellis's argument, trial counsel had investigated the evidence against him through the use of an expert. The later review of only the toxicology screen without the autopsy report was not relevant to trial counsel's actions before Ellis's guilty plea, and the court did not err in excluding the later expert testimony.[4]

¶ 7 Affirmed.

---

2. Ellis alleged that trial counsel "knew" that he was incompetent, but this is not supported by the record and appears to be based on the same premise of per se incompetence from taking the medication. He also alleges that trial counsel advised him not to tell the trial court that he was taking the medication. However, even if that were accurate, he has shown no prejudice because there is no evidence that the medication impaired him or rendered his plea invalid.

3. Ellis included the toxicology screen and the expert's report with his brief. The State moved to strike those documents and two others. The motion to strike the toxicology screen and report is denied because the documents were in the record on appeal. The motion to strike the two additional documents is granted because they were not in the record and cannot be added on appeal.

4. Ellis raises additional issues, which we determine to be without merit, and we decline to

address them further. *State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal. Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").