**2016 UT App 175**

## THE UTAH COURT OF APPEALS

ALBERT CRAMER,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150292-CA
Filed August 18, 2016

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 140903146

Brian K. Jackson, Attorney for Appellant

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
JILL M. POHLMAN.

PER CURIAM:

¶1      Albert Cramer appeals the district court's order granting the State's Motion for Summary Judgment and dismissing his petition for post-conviction relief.[1]

---

1. Cramer filed his initial brief pro se. However, he later retained counsel who filed a reply brief on his behalf. The reply brief contains several arguments that were not raised in Cramer's original brief or in the district court. Accordingly, we do not consider those arguments. *Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (stating that issues raised by an appellant for the first time in

(continued…)

¶2 The district court dismissed Cramer's petition for post-conviction relief after determining that it was time barred under Utah Code section 78B-9-107(1). "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶3 Utah Code section 78B-9-107(1) states that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1) (LexisNexis 2012). The statute goes on to set forth the dates upon which the cause of action accrues:

> (a) the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken;
> (b) the entry of the decision of the appellate court which has jurisdiction over the case, if an appeal is taken;
> (c) the last day for filing a petition for writ of certiorari in the Utah Supreme Court or the United States Supreme Court, if no petition for writ of certiorari is filed;
> (d) the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed;
> (e) the date on which petitioner knew or should have known, in the exercise of reasonable

---

(…continued)
the reply brief are considered waived and will not be considered by the appellate court).

diligence, of evidentiary facts on which the petition
is based; or

(f)    the date on which the new rule described in
Subsection 78B-9-104(1)(f) is established.

*Id.* § 78B-9-107(2). Here, the Utah Supreme Court affirmed
Cramer's convictions on January 25, 2002. *See State v. Cramer*,
2002 UT 9, 44 P.3d 690. Accordingly, under the statute, Cramer
was required to file his petition for post-conviction relief no later
than January 25, 2003, one year after entry of the Supreme
Court's decision, unless subsections (e) or (f) apply.

¶4    Cramer acknowledges that his May 8, 2014 petition for
post-conviction relief was filed much later than one year after
January 25, 2003. However, he sets forth four reasons why a
different accrual date applies or why his untimely filing should
be excused. First, Cramer argues that he filed his action within
one year of becoming aware of new facts upon which the
petition is based. Specifically, Cramer points to a March 2008
letter from the Utah Attorney General's office regarding a bar
complaint filed by Cramer, which Cramer did not obtain until
March of 2014. However, Cramer never referenced the letter in
his petition, and the district court specifically determined that
the letter did not serve as the basis for any "evidentiary facts on
which the petition" was based. Rather, the court found that all
facts set forth in Cramer's petition were known no later than
November of 2011. As a result, Cramer's petition needed to be
filed within one year of that date. It was not. Accordingly, the
district court correctly determined that the petition was not
timely under Utah Code section 78B-9-107(2)(e).

¶5    Cramer next contends that his petition was timely because
it was filed within one year of the date this court issued a
remittitur following the dismissal of his appeal concerning his
2012 petition for post-conviction relief. He argues that Utah
Code section 78B-9-107 is satisfied because the previous post-

conviction petition "is a form of appeal." Cramer is mistaken. A petition for post-conviction relief is a collateral attack on a conviction and sentence; it is not a substitute for direct appellate review. *See Carter v. Galetka*, 2001 UT 96, ¶ 6, 44 P.3d 626. Thus, because a post-conviction petition does not qualify as an appeal from a conviction as contemplated by the statute, resolution of Cramer's prior post-conviction petition did not operate to create a new accrual date for purposes of the statute of limitations.

¶6     Finally, Cramer asserts that the time for filing a post-conviction petition should have been tolled for two reasons. First, Cramer claims that he was unable to prosecute his 2012 petition for post-conviction relief because he was moved within the prison system three times during the course of that action. This claim has no relevance to whether this third petition for post-conviction relief was timely. To the extent that the issue has any merit, it should have been raised within the context of the 2012 proceeding or the appeal taken from the order dismissing the petition. Second, Cramer contends he was prevented from filing sooner because the State lied in previous hearings and documents. This theory too is unavailing. As set forth above, the district court found that Cramer knew all information relevant to the petition no later than November of 2011. Because of this, even if we were to assume for the sake of argument that the State had nefariously withheld certain information from Cramer, such claims would need to have been raised in a petition filed no later than November of 2012. Cramer did not file his petition until 2014.

¶7     Affirmed.

——————