IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Commonwealth Property Advocates, LLC, | ) | MEMORANDUM DECISION |
| | ) | |
| | ) | Case No. 20110367-CA |
| Plaintiff and Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| JP Morgan Chase Bank, National | ) | (April 26, 2012) |
| Association, and John Does of unknown | ) | |
| number, | ) | 2012 UT App 126 |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Third District, West Jordan Department, 100404018
The Honorable Andrew H. Stone

Attorneys:     E. Craig Smay, Salt Lake City, for Appellant
               James D. Gilson, Mark L. Callister, and Jennifer Ward, Salt Lake City,
               for Appellees

-----

Before Judges Voros, Orme, and Christiansen.

CHRISTIANSEN, Judge:

¶1      Commonwealth Property Advocates, LLC (Commonwealth) appeals the district court's grant of summary judgment in favor of JP Morgan Chase Bank (Chase).[1] We affirm.

¶2      The district court determined, Commonwealth has not properly challenged, and the parties do not dispute that "Chase has possession of the endorsed-in-blank original note."[2] "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Utah Code Ann. § 70A-3-205(2) (2009). "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." *Id.* § 70A-3-201(2); *see also id.* § 70A-3-201 cmt. 1 ("Negotiation always requires a change in possession of the instrument because nobody can be a holder without possessing the instrument, either directly or through an agent."). Furthermore, the holder of the note that is indorsed in blank is entitled to enforce the note. *See id.* § 70A-3-301 ("'Person entitled to enforce' an instrument means[, inter alia,] the holder of the instrument . . . ."); *id.* § 70A-1a-201(u)(i) ("'Holder' means[, inter alia,] the person in possession of a negotiable instrument that is payable . . . to bearer . . . ."). Because it is undisputed that Chase was in possession or held the indorsed in blank note, as a matter of law Chase was entitled to enforce that note.

---

[1]Throughout its brief, Commonwealth seems to confuse the standards the district court would apply in resolving a motion to dismiss pursuant to rule 12(b)(6) and a motion for summary judgment pursuant to rule 56 of the Utah Rules of Civil Procedure. In considering a motion to dismiss for failure to state a claim pursuant to rule 12(b), it is true that the trial court "must accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 2, 42 P.3d 1253 (internal quotation marks omitted). However, Commonwealth acknowledges that Chase's motion to dismiss was converted to a motion for summary judgment based upon the evidence presented by Chase that was outside of the pleadings, and Commonwealth has not challenged that conversion on appeal. To defend against Chase's motion then, Commonwealth could not rest upon the allegations it raised in the complaint. Instead, Commonwealth was required to produce evidence demonstrating that there were genuine factual issues that would preclude judgment being entered against it. *See Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 31, 54 P.3d 1054.

[2]We appreciate the thoroughness of the district court's memorandum decision in this case.

¶3      Commonwealth argues, without providing any legal support, that Chase could not enforce the note because possession alone "does not define ownership of the debt." Commonwealth asserts that "[p]ossession may have been obtained by theft, or for a purpose other than enforcement." Not only is this an inaccurate statement of the law, *see id.* § 70A-3-301 ("A person may be a person entitled to enforce the instrument even though he is not the owner of the instrument or is in wrongful possession of the instrument."), but Commonwealth provided only unsupported, conclusory statements in response to Chase's summary judgment motion that fail to show the existence of a genuine issue of fact, *see Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 31, 54 P.3d 1054 ("The nonmoving party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. The nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to establish a genuine issue." (citations and internal quotation marks omitted)).

¶4      Here, Commonwealth produced no evidence to support its accusation that Chase had stolen the note or purchased the note for a purpose other than to enforce it. In fact, the undisputed evidence demonstrated the opposite, i.e., that Chase had received the indorsed-in-blank note when it purchased the assets of Washington Mutual from the FDIC receiver. Thus, the district court did not err in granting summary judgment in Chase's favor. *See Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 40, 70 P.3d 904 ("'[W]hen the moving party has presented evidence sufficient to support a judgment in its favor, and the opposing party fails to submit contrary evidence, a trial court is justified in concluding that no genuine issue of fact is present or would be at trial.'" (citation omitted)); *see also Waddoups*, 2002 UT 69, ¶ 31.

¶5      In a related argument, Commonwealth asserts that the note could have been "securitized"[3] before it was sold and argues that it should have been allowed additional discovery on this issue based on rule 56(f) of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 56(f). Because Commonwealth raises this argument for the first time in its reply brief, we do not consider it. *See* Utah R. App. P. 24(c) ("Reply briefs

---

[3]Securitize means "to consolidate (as mortgage loans) and sell to other investors for resale to the public in the form of securities." *Merriam-Webster Collegiate Dictionary* 1123 (11th ed. 2003), *available at* http://www.merriam-webster.com/dictionary/securitization; *see also Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 2011 UT App 232, ¶ 3 n.2, 263 P.3d 397, *cert. denied*, 268 P.3d 192 (Utah 2011).

shall be limited to answering any new matter set forth in the opposing brief."); *Sanpete Am., LLC v. Willardsen*, 2011 UT 48, ¶ 64 n.14, 269 P.3d 118 ("'[W]e will not consider matters raised for the first time in [a party's] reply brief.'" (alteration in original) (citation omitted)).

¶6     Finally, Commonwealth mentions in its statement of facts contained in its opening brief that "[t]here [wa]s no evidence in the record that anyone . . . took the steps required by the notes to accelerate the loans." However, other than a brief statement in the summary of its argument, Commonwealth provides no legal or factual analysis for this contention. Because this issue is inadequately briefed, we do not address it. *See* Utah R. App. P. 24(a)(9) (setting forth briefing requirements); *Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 ("[A] brief is inadequate if it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority. An appellate court is not a depository in which [a party] may dump the burden of argument and research." (alterations in original) (citation and internal quotation marks omitted)).

¶7     Affirmed.

_____
Michele M. Christiansen, Judge

-----

¶8     WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Gregory K. Orme, Judge