2015 UT App 111

## THE UTAH COURT OF APPEALS

JUAN CARLOS COLLAZO-COLLAZO,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Memorandum Decision
No. 20131126-CA
Filed April 30, 2015

Fourth District Court, Provo Department
The Honorable Steven L. Hansen
No. 120402000

German T. Flores, Attorney for Appellant

Sean D. Reyes and Andrew F. Peterson,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES MICHELE M. CHRISTIANSEN and KATE
A. TOOMEY concurred.

VOROS, Judge:

¶1     Juan Carlos Collazo-Collazo pled guilty to a single count of possession of a controlled substance with intent to distribute, a second degree felony. He filed a postconviction petition alleging ineffective assistance of counsel because his counsel failed to advise him of the immigration consequences of his plea. The district court denied the petition on summary judgment on the ground that Collazo-Collazo was advised of the immigration consequences of the plea and that, in any event, he suffered no prejudice. We affirm.

¶2    In 2012, Collazo-Collazo and a companion drove from Arizona to Provo, Utah, with two pounds of methamphetamine hidden in the insulation of a cooler. Utah County law enforcement officers received a tip that Collazo-Collazo and his companion planned to distribute the drugs. Officers executed a search warrant at the motel where the two men were staying. A police dog detected the methamphetamine, and officers arrested both men. Collazo-Collazo admitted knowing about the drugs. Although he claimed to have been "only along for the ride," Collazo-Collazo drove the car at least part of the trip and admitted to police that he possessed the drugs with intent to distribute.

¶3    Collazo-Collazo was charged with possession with intent to distribute a controlled substance in a drug-free zone, a first degree felony, and possession of drug paraphernalia in a drug-free zone, a class A misdemeanor. He pled guilty to a single count of possession of a controlled substance with intent to distribute, a second degree felony.

¶4    During the plea colloquy, Collazo-Collazo's trial counsel confirmed that Collazo-Collazo was a legal resident and that counsel had explained the immigration consequences of a plea to his client. Counsel further explained that the plea would put Collazo-Collazo "at some risk" of deportation, but that Immigration and Customs Enforcement had not yet shown any "interest" in the case. The district court then asked Collazo-Collazo whether he understood that "there could possibly be some [i]mmigration consequences." Collazo-Collazo responded, "Yes, sir."

¶5    Collazo-Collazo subsequently filed a petition for postconviction relief alleging that trial counsel rendered ineffective assistance by not advising him of the plea's immigration consequences. The State moved for summary judgment. The district court granted the motion. It ruled that counsel did not perform deficiently, because the record reflects

that counsel told Collazo-Collazo that he was "at some risk" of deportation. The district court then ruled that even if counsel had performed deficiently, Collazo-Collazo suffered no prejudice. The court noted that Collazo-Collazo had neither pleaded nor proffered evidence suggesting that had he known about the risk of deportation he would have insisted on a trial. The district court further ruled that, given the evidence weighing against him, "a decision to reject the plea bargain here would have been irrational." It concluded, "Collazo-Collazo faced no option that eliminated the risk of deportation, and thus he was forced to make his choices based solely on the weight of the direct consequences of his plea."

¶6    On appeal Collazo-Collazo contends that the district court erred in granting the State's motion for summary judgment. He argues that trial counsel's failure "to advise him of the immigration consequences—including the real risk of deportation—of his guilty plea constitutes ineffective assistance of counsel because it falls below an objective standard of reasonable professional behavior for any criminal defense attorney." The State responds that the district court properly granted summary judgment because "[t]he undisputed facts in the criminal record demonstrated that counsel advised Collazo-Collazo on the record that he was 'at some risk' of negative immigration consequences."

¶7    Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). We review a district court's "legal conclusions and ultimate grant or denial of summary judgment for correctness, and view[] the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶8    To succeed on an ineffective-assistance-of-counsel claim, an appellant must show that (1) "counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'" and (2) "counsel's performance was prejudicial in that 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Menzies v. Galetka*, 2006 UT 81, ¶ 87, 150 P.3d 480 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). An appellant must rebut "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality." *Allen v. Friel*, 2008 UT 56, ¶ 21, 194 P.3d 903 (alteration in original) (citation and internal quotation marks omitted). In the deportation context, counsel performs effectively so long as she, among other things, "inform[s] her client whether his plea carries a *risk of deportation*." *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (emphasis added).

¶9    We agree with the district court that trial counsel performed adequately under these standards. During the plea colloquy, counsel confirmed that Collazo-Collazo was a legal resident and that counsel had explained the immigration consequences of a guilty plea to his client. Collazo-Collazo concedes that when counsel explained that the plea would put him "at some risk," the risk referred to was the risk of deportation. In addition, during the plea hearing the district court asked Collazo-Collazo whether he understood that "there could possibly be some [i]mmigration consequences." Collazo-Collazo responded, "Yes, sir." Because counsel satisfied his obligation to inform his client about the "risk of deportation," Collazo-Collazo has failed to show that counsel performed deficiently. *See id.*; *see also Ramirez-Gil v. State*, 2014 UT App 122, ¶ 10, 327 P.3d 1228. Accordingly, the district court correctly granted summary judgment on the element of deficient performance.

¶10    Collazo-Collazo has also failed to show prejudice. To show prejudice in the plea-bargain context, an appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Parsons v. Barnes*, 871 P.2d 516, 525 (Utah 1994). To show a reasonable probability that he would have gone to trial, an appellant must show "that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. An appellant's "'mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial.'" *Rhinehart v. State*, 2012 UT App 322, ¶ 6, 290 P.3d 921 (alteration in original) (quoting *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002)).

¶11    Collazo-Collazo has not demonstrated that a decision to reject the plea bargain would have been rational under the circumstances. Collazo-Collazo argues that because "there was ample evidence to suggest [he] did not know about the drugs and had no intent to distribute them," had counsel properly advised him about the deportation consequences of his plea, Collazo-Collazo "would have taken the case to trial and a jury would have ample basis to conclude he was not guilty."

¶12    That is not how we read the record. Police recovered two pounds of methamphetamine in a lined cooler that Collazo-Collazo knowingly transported from Arizona to Utah. Collazo-Collazo invites us to "disregard the State's repeated reference . . . to the supposed fact that [he] was aware of the drugs in the car and intended to distribute them" because the statements "are the very product of . . . [counsel's] ineffective assistance." But the record shows that before any charges were filed—and thus before counsel appeared in the case—Collazo-Collazo told police that he knew about the drugs and

that he intended to distribute them. This confession was not the product of any act on the part of counsel. And Collazo-Collazo has not shown why, on the facts of this case, his confession did not make conviction at trial all but inevitable.

¶13    Given the weight of the evidence against him, Collazo-Collazo rationally exchanged a greater offense, an additional offense, and longer incarceration for a lesser criminal penalty carrying no greater deportation consequences. *See Ramirez-Gil*, 2014 UT App 122, ¶ 13. In short, we agree with the district court that Collazo-Collazo did not suffer prejudice because he "faced no option that eliminated the risk of deportation, and thus he was forced to make his choices based solely on the weight of the direct consequences of his plea." Accordingly, the district court correctly granted summary judgment on the element of prejudice.

¶14    The judgment of the district court is affirmed.

_____