257 P.3d 509 (2011)
2011 UT App 191
In the Matter of the ESTATE OF Rosemary COSBY.
Ernest Walton and Rosalind E. Cazares, Appellants,
v.
Special Administrator Leland S. McCullough, Appellee.
No. 20100099-CA.
Court of Appeals of Utah.
June 16, 2011.
Rosalind Cazares and Ernest Walton, Salt Lake City, Appellants Pro Se.
David O. Parkinson and James D. Gilson, Salt Lake City, for Appellee.
Before Judges DAVIS, McHUGH, and VOROS.

DECISION
PER CURIAM:
¶ 1 Rosalind Cazares and Ernest Walton appeal the district court's December 29, 2009 order. We affirm.
¶ 2 An appellate brief must contain reasoned analysis based upon relevant legal authority. See Utah R.App. P. 24(a)(9). An appellate court is not a depository in which parties may dump the burden of their argument and research. See Smith v. Four Corners Mental Health Ctr., Inc., 2003 UT 23, ¶ 46, 70 P.3d 904. Although Utah appellate courts are reluctant to penalize self-represented litigants for rule violations, the court cannot assume a party's burden of argument and legal research. See Allen v. Friel, 2008 UT 56, ¶ 9, 194 P.3d 903. The Utah Supreme Court has expressly stated that "[o]ur rules of appellate procedure clearly set forth the requirements that appellants and appellees must meet when submitting briefs." MacKay v. Hardy, 973 P.2d 941, 947 (Utah 1998).
¶ 3 A brief is inadequate when "it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority." Smith, 2003 UT 23, ¶ 46, 70 P.3d 904. Furthermore, "[a]n issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." State v. Sloan, 2003 UT App 170, ¶ 13, 72 P.3d 138. "It is well established that a reviewing court will not address arguments that are not adequately briefed." Spencer v. Pleasant View City, 2003 UT App 379, ¶ 20, 80 P.3d 546.
¶ 4 Appellants were granted two extensions in order to file a proper brief. Despite these extensions, Appellants failed to do so. Appellants seek to challenge probate issues regarding whether the court erred in the distribution of the Estate, whether the court failed to adequately review the merits of the claim, and whether the court erred in the valuation of the Estate's property. Despite the complexity of these issues, Appellants' brief is limited to five pages, which are devoid of legal argument, and "the overall analysis of the issue[s] is so lacking as to shift the burden of research and argument to the reviewing court." Sloan, 2003 UT App 170, ¶ 13, 72 P.3d 138. Because Appellant's brief is wholly inadequate and requires that the court assume the party's burden of argument and research, we decline to address the issues raised therein. See Allen, 2008 UT 56, ¶ 9, 194 P.3d 903.
¶ 5 Affirmed.[1]
NOTES
[1] Appellee's request for costs is denied.