IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Christina Jean Richter, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110888-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Larson, Turner, Fairbanks & Dalby, L.C. | ) | (January 20, 2012) |
| Attorneys and Counselors at Law; | ) | |
| Bryan A. Larson, P.C.; Shawn D. | ) | 2012 UT App 13 |
| Turner, L.C.; Roger R. Fairbanks; | ) | |
| Ronald E. Dalby, L.C.; Mark T. | ) | |
| Ethington; Pearce & Spratley, L.C.; and | ) | |
| Brett Pearce, | ) | |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Fourth District, Provo Department, 100401542
The Honorable James R. Taylor

Attorneys:    Christina Jean Richter, Saratoga Springs, Appellant Pro Se
              Kumen L. Taylor, Las Vegas, Nevada, for Appellees

-----

Before Judges McHugh, Thorne, and Christiansen.

¶1     Christina Jean Richter appeals the district court's September 20, 2011 order denying her rule 59 motion for a new trial and her rule 60(b) motion to set aside the judgment. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     Rule 59 of the Utah Rules of Civil Procedure provides that a motion for a new trial "shall be served not later than ten days after the entry of judgment." Utah R. Civ.

P. 59(b).  On May 17, 2011, the district court entered its final order dismissing the case.  Richter did not file her rule 59 motion for a new trial until July 18, 2011.  Thus, the district court did not err by denying the rule 59 motion after determining that the motion was not timely filed.

¶3      Richter also appeals the district court's denial of her rule 60(b) motion that was also filed on July 18, 2011.  This court reviews a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion.  *See Jones v. Layton/Okland*, 2009 UT 39, ¶ 10, 214 P.2d 859.  A ruling on a rule 60(b) motion is a separate, appealable order.  *See Amica Mut. Ins. Co. v. Shettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989).  The filing of a rule 60(b) motion does not toll the time for filing a notice of appeal from the underlying judgment that is set forth in rule 3 of the Utah Rules of Appellate Procedure.  *See id*.  Generally, an appeal from the denial of a rule 60(b) motion does not reach the merits of the underlying judgment "lest rule 60(b) motions become a substitute for untimely appeals."  *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451.  An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment.  *See id.*

¶4      On September 20, 2011, the district court denied Richter's rule 60(b) motion after determining that Richter's rule 60(b) motion failed to demonstrate that the court had erred by ruling that her claims were barred by the statute of limitations.  Richter fails to demonstrate that the district court abused its discretion by denying her rule 60(b) motion.

¶5      Accordingly, the district court's September 20, 2011 order is affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge