**2015 UT App 20**

# THE UTAH COURT OF APPEALS

DARLA KAY SHEDRON-EASLEY
Petitioner and Appellant,
*v.*
STANLEY BRYAN EASLEY
Respondent and Appellee.

Per Curiam Decision
No. 20130509-CA
Filed January 29, 2015

Fifth District Court, Cedar City Department
The Honorable G. Michael Westfall

Darla Kay Shedron-Easley, Appellant Pro Se

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1 Darla Kay Shedron-Easley appeals the district court's May 1, 2013 order denying her rule 60(b) motion for relief from judgment. We affirm.

¶2 "A trial court has discretion in determining whether a movant has shown rule 60(b) grounds, and this court will reverse the trial court only when there has been an abuse of discretion." *Franklin Covey Client Sales, Inc., v. Melvin*, 2000 UT App 110, ¶ 9, 2 P.3d 451. This court reviews a district court's denial of a rule 60(b) motion for an abuse of discretion because "most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Kell v. State*, 2012 UT 25, ¶ 7, 285 P.3d 1133.

¶3    A bifurcated divorce decree was entered on January 25, 2002. The district court noted that there were nearly a dozen trial dates set in this matter, and for various reasons, the remaining issues set for trial were continually delayed. In one instance, Ms. Shedron-Easley filed a motion to disqualify the district court judge moments after the trial was set to begin. The trial was continued once more and set for January 5, 2012. On January 5, 2012, approximately ten minutes before trial, a court employee received a telephone call from an individual identifying herself as Ms. Shedron-Easley's assistant. The individual stated that Ms. Shedron-Easley was having anxiety or some other medical issue, and that she would not appear for trial because she was going to the hospital. The district court found that Ms. Shedron-Easley had ample notice of trial and that a telephone call, without medical evidence, was an inadequate basis to postpone trial. The district court also determined that, given the case history, and the fact that the issues before the court had been addressed in the pleadings, it was appropriate to proceed without Ms. Shedron-Easley. On October 8, 2012, the district court entered a judgment against Ms. Shedron-Easley.

¶4    Ms. Shedron-Easley moved to set aside the judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure, citing excusable neglect. During the hearing on the rule 60(b) motion, the district court explained that Ms. Shedron-Easley had failed to provide sufficient evidence establishing that she was suffering from a medical problem that would have prohibited her attendance at trial. The district court determined that if it had been presented with appropriate evidence that Ms. Shedron-Easley was actually incapacitated, for reasons other than her subjective perception of a medical problem, the court would have granted the motion to set aside the judgment. Instead, the district court found that the evidence demonstrated only that Ms. Shedron-Easley had experienced anxiety about going to trial, which was an insufficient basis to set aside the judgment. Ms. Shedron-Easley fails to

demonstrate that the district court abused its discretion by denying her motion for relief from judgment.

¶5     Affirmed.

———————