**2016 UT App 108**

## THE UTAH COURT OF APPEALS

THOMAS L. NORTON,
Appellant,
*v.*
AUTUMN M. HESS,
Appellee.

Memorandum Decision
No. 20150289-CA
Filed May 19, 2016

Second District Court, Ogden Department
The Honorable Michael D. Lyon
The Honorable Mark R. DeCaria
The Honorable Joseph Bean
No. 120907652

Kelly G. Cardon, Attorney for Appellant

H. Justin Hitt, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1     Thomas L. Norton appeals the district court's ruling that his cause of action against Autumn Hess is barred by the applicable statute of limitations, even as extended by Utah's savings statute. We affirm.

¶2     Norton and Hess were involved in an automobile accident nearly a decade ago, on December 6, 2006. Three years and 362 days later—three days short of the running of the applicable four-year statute of limitations—Norton sued Hess, alleging that Hess's negligence caused Norton's injuries. According to rule 4 of the Utah Rules of Civil Procedure,

Norton's filing of the suit triggered a 120-day period in which Norton could serve Hess with the summons and complaint. *See* Utah R. Civ. P. 4(b)(i). Having failed to accomplish service within this timeframe, Norton requested additional time to serve Hess and was granted another 120 days. When Norton failed once again to serve Hess within the time permitted, the court dismissed Norton's complaint, without prejudice, on November 22, 2011.

¶3 As the savings statute permits, Norton refiled his complaint on November 21, 2012, the second-to-last day on which he could have done so.[1] And once again, Norton failed to serve Hess within 120 days. But this time, when Norton requested additional time to serve Hess, the district court denied his request and dismissed his complaint, ostensibly without prejudice, on April 18, 2013. Not long after, the district court judge who signed the order dismissing the complaint, Judge Michael D. Lyon, retired.[2]

---

1. According to Utah's savings statute, "[i]f any action is timely filed and . . . the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year." Utah Code Ann. § 78B-2-111(1) (LexisNexis 2012). Thus, Norton had one year to refile his complaint against Hess, and Norton did so with one day to spare. Importantly, as will become clear, the statute further provides that "a new action may be commenced under this section only once." *Id.* § 78B-2-111(2).

2. The parties dispute whether Judge Lyon issued the order volitionally or whether the order of dismissal was generated automatically by the courts' electronic case management system. Because we conclude that the order dismissing Norton's claims

(continued…)

¶4    On April 18, 2014—one year to the day after his previous action was dismissed—Norton again refiled his complaint against Hess. He did so after filing an ex parte motion for relief from the latest dismissal order, pursuant to rule 60(b)(6) of the Utah Rules of Civil Procedure. Judge Mark R. DeCaria granted Norton's motion on April 28, 2014, and, just under two weeks later, Norton finally served Hess with a summons and complaint.

¶5    Hess responded with a motion to dismiss on the ground that the second dismissal of Norton's complaint was necessarily *with* prejudice because "the complaint had previously failed and Norton could only re-file his complaint once pursuant to" the savings statute. *See* Utah Code Ann. § 78B-2-111(2) (LexisNexis 2012). Some five months later, Judge Joseph Bean heard oral argument on the motion. During oral argument, Norton conceded that he never attempted to conduct alternative service, such as by publication. He also offered, as his sole justification for rule 60(b) relief, that a dismissal would bar him from prosecuting the case.

¶6    After reviewing the history of the case, Judge Bean found himself "uncomfortable" with its procedural posture. He concluded that section "78B-2-111 did not intend or was not passed with the intent that Rule 60(b) would be able to circumvent the limitations put specifically into that [section]." As a result, he concluded that the second dismissal was necessarily with prejudice and that rule 60(b) relief was not available to bypass the mandate of the savings statute. He granted Hess's motion and dismissed Norton's complaint. Norton appeals.

---

(…continued)

without prejudice was erroneous, *see infra* ¶ 9, it is irrelevant whether the error was computer- or human-generated.

¶7 Norton raises two issues on appeal.[3] First, he argues that the district court, acting through Judge Bean, incorrectly interpreted the savings statute, Utah Code section 78B-2-111, by concluding that Judge Lyon's dismissal of Norton's claim against Hess was necessarily with prejudice. We review the district court's conclusions of law for correctness, granting no deference to its interpretation of law. *Oates v. Chavez*, 749 P.2d 658, 659 (Utah 1988).

¶8 Second, Norton claims that Judge Bean abused his discretion by deciding that Norton's rule 60(b)(6) motion for relief from the April 2013 dismissal order was improperly granted by Judge DeCaria. Norton contests Judge Bean's conclusion that the rules of civil procedure were not intended to allow a plaintiff to revive a claim barred by the applicable statute of limitations, even as extended by the savings statute. "This court reviews a district court's denial of a rule 60(b) motion for an abuse of discretion because 'most [such motions] are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend

---

3. Norton's brief hints at a third issue. In his statement of issues, Norton also contends that the district court erred in concluding that his rule 60(b) motion was brought under subsection (1) of that rule. Because Norton did not brief this third issue beyond a fleeting reference to his filing with the district court, we conclude that this issue is inadequately briefed and so decline to address it further. *See In re Estate of Cosby*, 2011 UT App 191, ¶ 3, 257 P.3d 509 (per curiam) (noting that "[a]n issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court" and also that "[i]t is well established that a reviewing court will not address arguments that are not adequately briefed") (first alteration in original) (citations and internal quotation marks omitted).

themselves to appellate review.'" *Shedron-Easley v. Easley*, 2015 UT App 20, ¶ 2, 343 P.3d 718 (per curiam) (quoting *Kell v. State*, 2012 UT 25, ¶ 17, 285 P.3d 1133).

¶9     Norton's appeal is entirely governed by the applicable statute of limitations and the savings statute. *See* Utah Code Ann. §§ 78B-2-307(3), 78B-2-111 (LexisNexis 2012). The statute of limitations for Norton's negligence claim is four years. *Id.* § 78B-2-307(3). Despite the rigor with which statutes of limitations are usually applied, Utah's savings statute provides an exception in a limited circumstance: If a party files its action *before* the expiration of the statute of limitations, but the action is dismissed for any reason other "than upon the merits" *after* the expiration of the applicable limitations period, the party may refile its claim as a "new action" within one year of the previous dismissal. *Id.* § 78B-2-111(1). Importantly, however, "a new action [filed under the savings statute] may be commenced . . . only once." *Id.* § 78B-2-111(2).[4] Given this clear legislative mandate, the order dismissing Norton's second action against Hess was invalid insofar as it purported to be without prejudice, and Judge Bean ruled properly in correcting that error.

¶10     Norton's rule 60(b)(6) argument is inadequately briefed. His entire argument on the issue consists of four paragraphs, only two of which offer any substance. Both of these paragraphs are lifted directly from the record and offered without any analysis whatsoever. Norton's argument is further weakened by the fact that he neglects to focus on the portions of the district court's decision with which he disagrees. And it is not this court's duty to comb through the record in search of a plausible

---

4. A prior version of the savings statute did not include this single-use limitation, and "serial recourse" to the statute was permitted. *See Hebertson v. Bank One, Utah, NA*, 1999 UT App 342, ¶ 13, 995 P.2d 7.

argument in support of an appellant's position. *See In re Estate of Cosby*, 2011 UT App 191, ¶ 3, 257 P.3d 509 (per curiam) ("A brief is inadequate when it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority.") (alteration in original) (citation and internal quotation marks omitted). Norton has "failed to demonstrate that the court . . . erred by ruling that [his] claims were barred by the statute of limitations" and thus, he "fails to demonstrate that the district court abused its discretion by denying [his] rule 60(b) motion."[5] *Richter v. Larson, Turner, Fairbanks & Dalby, LC*, 2012 UT App 13, ¶ 4, 269 P.3d 1012.

¶11    Regardless of whether it was the district court itself or the district court's computer system that erred, resulting in an order

---

5. As we recently reiterated in *Falkenrath v. Candela Corp.*, 2016 UT App 76, exceptions to statutes of limitations are "narrow in scope" and "'should not be used simply to rescue litigants who have inexcusably and unreasonably slept on their rights.'" *Id.* ¶ 8 (quoting *Beaver County v. Utah State Tax Comm'n*, 2006 UT 6, ¶ 32, 128 P.3d 1187). Norton has consistently skated on the thinnest of ice in pursuing his action while keeping the statute of limitations at bay. For example, as Norton concedes, he filed his first action against Hess just *three days* before the statute of limitations expired; he filed a motion to extend the time to serve process on Hess *the day after* his time to do so had expired; he then failed, once again, to serve process on Hess within the 120-day limit and his action was dismissed, after which he filed his second action just *one day* before the savings statute's one-year grace period expired; and then he again failed to serve Hess within 120 days. On such facts, it is clear that Norton slept on his rights, and it would therefore do violence to the very purpose of the statute of limitations to allow him yet a third opportunity to prosecute what is now—going on ten years after the accident in question—a very stale claim, indeed. *See id.*

purportedly dismissing Norton's second action without prejudice, the express terms of the savings statute barred Norton's third go at Hess. Rule 60(b) cannot be used to override the savings statute or otherwise skirt the statute of limitations. Therefore, the district court did not abuse its discretion in denying Norton's rule 60(b) motion.

¶12    Affirmed.

––––––––––